## LAMPKIN *v.* HAYDEN.

<div style="float:right">

| 99 | 363 |
|----|-----|
| 117 | 857 |

</div>

*Atkinson, J.*—A marriage settlement was executed in 1854. By its terms the intended husband covenanted with the intended wife that certain described property then belonging to her should "forever remain to be her separate property and estate during her life, and then to be the property in fee simple of [a named daughter of the intended wife] and her children, and [should] not in law or equity be subject to the payment of the debts of the [intended husband] or be subject to be sold or conveyed by him or in any manner to be controlled by him; but the

rights and title to said property [should] be vested in [two named persons] for the sole and separate use" of the intended wife. The instrument further provided that she might "dispose of said property by will to [the daughter named] and her children, if she [chose] to do so after said marriage, as if she was a *feme sole*." It also declared that the intended wife and husband "now nominate and appoint [the two persons above referred to] as trustees of all of said property, who are authorized to possess themselves of and control said property in conformity with this indenture; and agree that said trustees may sell and convey [the property described], publicly or privately, as they may determine, and for cash or on credit, and the money arising therefrom to be put out at interest for her sole and separate use during her lifetime, or paid to [her], at her option, according to her portion or interest, . . and when so paid over to her during her life, for her sole and separate use, as aforesaid." The marriage was subsequently duly consummated. *Held:*

1. Properly construed, this marriage settlement cut off the marital rights of the husband, and deprived him of any right to or interest in the property therein described, by inheritance or otherwise; it limited the wife's interest in so much of the property as was not sold by the trustees while the husband was living to a life-estate only, with the power, during the coverture, to devise the same to her daughter and the children of the latter; it vested the title to the wife's life-estate in the trustees for her use, and the legal title in remainder in the daughter and her children, or in such of them as survived the life-tenant.

2. Upon the death of the husband, the trust became executed, and the power of sale conferred upon the trustees thereupon ceased and determined. Upon the death of the wife, the remainder became vested, and any one of the remaindermen could, at any time within seven years after attaining his majority, successfully maintain an action for the recovery of his undivided interest in property coming to him under the marriage settlement, as against one holding under a deed from the trustees, or either of them, executed after the husband's death.

3. A will executed by the wife after the coverture had ceased, and purporting to devise to her daughter alone all the property of which the testatrix died seized and possessed, could not in any manner affect the remainderman's right to recover as above stated.

4. Upon the facts as they appeared at the trial, and in view of the above construction of the marriage settlement, the court committed no error in directing a verdict in favor of the plaintiff for an undivided one eighteenth interest in the premises in dispute. *Judgment affirmed.*

August 24, 1896.

Complaint for land. Before Judge Lumpkin. Fulton superior court. September term, 1895.

*W. R. Hammond,* for plaintiff in error.
*Dorsey, Brewster & Howell,* contra.